# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 2, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MARCUS P.,**
**Intervenor Below, Petitioner**

**vs.)  No. 22-ICA-103  (**Fam. Ct. Putnam Cty. No. FC-40-2015-D-452)

**MATHEW M.**
**Petitioner Below, Respondent**

**And**

**JESSICA M.,**
**Respondent Below, Respondent**

**February 1, 2023**

## MEMORANDUM DECISION

Petitioner Marcus P.[1] appeals the final order denying his petition for modification of parenting plan entered by the Family Court of Putnam County on August 17, 2022. He asserts that the family court erred in finding that there was no substantial change in circumstances based on the minor child's bond with his biological siblings and his preference to spend more time with them. Respondent Mathew M. and the guardian ad litem ("GAL") responded in support of the family court's ruling. Jessica M. did not file a brief and Marcus P. did not file a reply.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Petitioner is represented by G. Wayne Van Bibber, Esq. Respondent Mathew M. is represented by Erica Lord, Esq. Respondent Jessica M., self-represented.  The guardian ad litem is Charles M. Love, IV, Esq.

1

these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mathew M. and Jessica M. were previously married. One child was born of their marriage, R.M. The parties separated on October 30, 2015, when R.M. was approximately twenty-eight months old. Marcus P. intervened in the divorce proceedings, alleging that he was R.M.'s biological father. It was confirmed through paternity testing that Marcus P. is the biological father of R.M., and the parenting time issue was bifurcated from the divorce. The final order establishing parenting time found that Mathew M. is the legal father of R.M. and Marcus P. is the biological father of R.M.

Since July 2, 2019, the parties' parenting time has been governed by the agreed final order on modification of parenting plan. This order established shared parenting and decision-making to all three parents. It further provided that so long as the Marcus P. and Jessica M. lived together, they would share their parenting time and that Mathew M. would receive a minimum of 172 overnight visits every year. Marcus P. and Jessica M. are now married and share twin daughters who are full siblings to R.M. Marcus P. and Jessica M. live in Ripley, Jackson County, and Mathew M. lives in Teays Valley, Putnam County.

On August 20, 2021, Marcus P. filed a petition to modify the parties' parenting plan based on the child's stated preference to spend more time with his sisters. Mathew M. objected to the modification and filed a motion to dismiss, arguing no substantial change in circumstances had occurred. Marcus P.'s proposed plan would eliminate Mathew M.'s current weeklong stays as provided for under the 2019 agreed order and would reduce Mathew M.'s parenting time to only every other weekend.

On April 19, 2022, the GAL filed a fourth amended written report[3] to address the petition for modification. The report notes the hostility and extensive family court litigation between the parties. The GAL went on to state that he interviewed R.M. and found that he expressed an honest, uninfluenced desire to spend more time with his siblings.

After considering the evidence and arguments, the family court found that R.M. wanting to spend more time with his siblings does not constitute a substantial change in circumstances. The court further found that at eight years old, R.M. is not mature enough to decide to "take away parenting time" from Mathew M.

Marcus P. now appeals the family court's order denying modification of the parenting plan. When reviewing a family court order, this Court applies the following standard of review:

---

[3] Due to the ongoing litigation between the parties, the family court appointed the GAL at various times to protect the interests of R.M.

"In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, 2022 WL 17098574, at *3 __ W. Va. __, __, __ S.E.2d __, __ (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

West Virginia Code § 48-9-401(a) (2022) states that "[a] court shall modify a parenting plan if it finds, on the basis of facts that were not known or have arisen since the entry of a prior order and were not anticipated in the prior order, that a substantial change has occurred in the child or of one or both parents and a modification is necessary to serve the best interests of the child." "'In considering visitation issues, the courts must also be mindful of facilitating the right of the non-custodial parent to a full and fair chance to continue to have a close relationship with his children.' Syllabus point 9, *White v. Williamson,* 192 W. Va. 683, 453 S.E.2d 666 (1994)." Syl. Pt. 3, *Storrie v. Simmons,* 225 W. Va. 317, 693 S.E.2d 70 (2010).

In his first assignment of error, Marcus P. argues that the family court incorrectly found that R.M.'s close relationship with his sisters did not constitute a substantial change in circumstance. He relies on *Skidmore v. Rogers*, 229 W. Va. 13, 725 S.E.2d 182 (2011). In *Skidmore*, the father sought modification of a parenting plan that was adopted when the parties' child was four years old and provided the father minimal parenting time. *Id.* at 16, 725 S.E.2d at 185. At the time the modification was sought, the child was eleven years old, the father had remarried, and half-siblings had been born. *Id.* For these reasons, the father argued a substantial change in circumstance had occurred to warrant a significant increase in parenting time. *Id.* The GAL in *Skidmore* opined that modifying the current parenting plan was in the best interest of the child. *Id.* at 22, 725 S.E.2d at 191. Ultimately, the Supreme Court of Appeals of West Virginia held that the birth of a sibling and a child's significant advance in age could constitute a substantial change in circumstance. *Id.* at 21-22, 725 S.E.2d at 190-191.

The family court found that *Skidmore* is distinguishable from this case and we agree. In *Skidmore*, the father had a small fraction of the parenting time that the mother had. Here, the parents share 50/50 custody and R.M. is with his siblings significantly more often than the child was in *Skidmore*. Further, the child in *Skidmore* had a more significant advance in age, going from four years old to eleven years old, between parenting plans being established. Unlike in *Skidmore*, R.M. is eight years old[4] and only three years have passed

---

[4] R.M. has since turned nine years old.

since the last parenting plan was adopted in 2019. Although the *Skidmore* court held that a child's preferences should be considered when determining what was in his or her best interest, the GAL opined that R.M. is not mature enough to determine what is in his best interest.[5] Accordingly, we are not persuaded by Marcus P.'s argument and find that he is not entitled to relief on these grounds.

In his second assignment of error, Marcus P. argues that the family court abused its discretion by finding that R.M. was not mature enough to express a preference to spend more time with Marcus P. and Jessica M. without any supporting evidence at the hearing. Marcus P. argues that the family court ignored the GAL's report and testimony. We disagree. Here, the GAL recommended an outcome that is opposite of what Marcus P. is requesting. The GAL recommended that the current 50/50 parenting plan remain in effect and made no finding in the report that R.M. was mature enough for his age for the court to consider his preference. There appears to be some confusion between the parties on the GAL's opinion of R.M.'s maturity, but the GAL's response makes it clear. The GAL states that R.M. has "demonstrated an appropriate maturity for an eight-year-old but is not yet mature enough to determine what is in his best interest." For these reasons, we reject Marcus P.'s argument.

In his third assignment of error, Marcus P. argues that the family court erred by placing greater priority on R.M.'s interest of spending time with his parents over meaningful contact with his siblings. He argues that the needs and the wants of the parents should not be overridden by the best interests of R.M. This argument is misplaced. West Virginia Code § 48-9-102 (2022) states, in part, that the best interest of the child is best served by facilitating the "stability of the child," the "continuity of existing parent-child attachments," and "meaningful contact between a child and each parent." Marcus P. asks that we look past statutory objectives aimed at preserving the parent-child relationship and concentrate on subsection (8) which instructs the court to facilitate meaningful contact with siblings. *See* W. Va. Code § 48-9-102(8). Based on our review, the family court's denial of Marcus P.'s petition to modify the current parenting plan serves to preserve the existing parent-child attachments while also allowing meaningful contact with R.M. and his siblings. Accordingly, we find no error.

For the foregoing reasons, we affirm the family court's August 17, 2022, order.

Affirmed.

---

[5] West Virginia Code § 48-9-402(b)(3) and (4) permits a family court to modify a parenting plan based on the "reasonable and firm preferences of a child who has attained the age of 14" or "is under the age of 14 and, in the discretion of the court, is sufficiently matured that he or she can intelligently express a voluntary preference." Although the child in *Skidmore* had not reached fourteen years old, the Court held that he was found to be mature enough to express a preference. 229 W. Va. at 22, 725 S.E.2d at 191.

**ISSUED:** February 2, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen